AO 91 (Rev. 02/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
District of Delaware

| | |
|---|---|
| United States of America<br>v.<br>Summer WEBSTER<br><br>*Defendant* | )<br>)<br>) Case No. 18-72M<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __04/18/2017__ in the county of __New Castle__ in the _____ District of __Delaware__, the defendant violated __18__ U. S. C. § __922(a)(6)__, an offense described as follows:

the defendant, on or about April 18, 2017, in connection with the acquisition of a firearm, a 9 millimeter semi-automatic pistol, from Miller's Gun Center, a licensed firearms dealer, did make a false statement intended to deceive the dealer with respect to a fact material to the sale, that is, defendant WEBSTER stated that she was the purchaser, when, in fact, the she well knew that she was straw purchasing the firearm for her boyfriend, the actual purchaser.

This criminal complaint is based on these facts:

see attached affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

SA Sally Koeplin, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 10, 2018

_____
*Judge's signature*

City and state: Wilmington, DE

Honorable Sherry R. Fallon
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT**

I, Sally Koeplin, being duly sworn, assert that the following information is true to the best of my knowledge, information, and belief:

**INTRODUCTION AND AGENT BACKGROUND**

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since January of 2016. I am currently assigned to the Wilmington, Delaware Field Office within the Baltimore Field Division. I am a graduate of the Federal Law Enforcement Training Center's Basic Criminal Investigator Program and the ATF's Special Agent Basic Training Program. Prior to your Affiant's employment with ATF, your Affiant was a sworn law enforcement officer with the Uniformed Division of the United States Secret Service for over five (5) years. During the course of your Affiant's law enforcement career, your Affiant has received law enforcement training on the investigation of firearms offenses. Your Affiant has participated in numerous investigations of firearms offenses and has participated in the seizure of firearms. Your Affiant has also had numerous conversations with police officers and Federal agents about the facts and circumstances of firearms offenses.

2. In that capacity, I am currently assigned as the case agent in the investigation of SUMMER WEBSTER ("WEBSTER") .Based on the facts set forth in this affidavit, there is probable cause to believe that violations of Title 18 United States Code §922(a)(6), which prohibits material false statements to a federally licensed firearms dealer in connection with the purchase of a firearm, and Title 18 U.S.C. § 924(a)(1)(A), which prohibits knowingly making any false statement or representation with respect to the information required to be kept in the

records of federally licensed firearms dealers (the "SPECIFIED FEDERAL OFFENSES"), have been committed by WEBSTER.

3. All information contained in this Affidavit is either personally known by me or has been related to me by other law enforcement agents unless otherwise indicated. Because this Affidavit is being submitted for the limited purpose of securing a criminal complaint, I have not included each and every fact known to me concerning this investigation. Rather, I have set forth only the facts that I believe are necessary to establish probable cause that the above-named Defendant violated one or more of the SPECIFIED FEDERAL OFFENSES as indicated below.

## THE SPECIFIED FEDERAL OFFENSES

4. Pursuant to Title 18, United States Code, Section 922(a)(6), it is unlawful to knowingly make false oral or written statements to a federally licensed firearms dealer, when the false statement/misrepresentation was made in connection with the acquisition or attempted acquisition of a firearm, and the statement was intended or likely to deceive such firearms dealer with respect to a fact material to the lawfulness of the sale of the firearm to the defendant.

5. Pursuant to Title 18, United States Code, Section 924(a)(1)(A), it is unlawful to knowingly make any false statement or representation with respect to the information required to be kept in the records of a federally licensed firearms dealer on transfers of firearms.

## FACTS SUPPORTING PROBABLE CAUSE

6. Your affiant knows that various rules and regulations, promulgated under the authority of Chapter 44, Title 18, United States Code, govern the manner in which Federal Firearms Licensees ("FFLs") are permitted to sell firearms and ammunition. The rules and regulations governing FFLs require that a person seeking to purchase a firearm fill out a Firearms Transaction Record ("ATF Form 4473"). ATF Form 4473 requires that the prospective

firearm purchaser certify that all his or her answers provided on the ATF Form 4473 are true and correct. The information entered on ATF Form 4473 is material to the sale of firearms by FFLs. As such, each FFL is required to maintain records, in the form of completed ATF Forms 4473, of the identity of the actual transferee/buyer of all firearms sold by the FFL.

7. Your Affiant knows that ATF Form 4473 also requires the prospective firearm purchaser to answer a series of questions about the purchase, and, in particular, asks for the address of the purchaser. The form also asks the following: "Are you the actual transferee/buyer of the firearm(s) listed on this form? Warning: You are not the actual buyer if you are acquiring the firearm(s) on behalf of another person." ATF Form 4473 also contains a warning that falsely answering yes to the above question and thus falsely claiming to be the actual transferee/buyer of the firearm is a crime punishable as a felony.

8. Your Affiant knows that WEBSTER purchased two (2) firearms on different occasions from Millers Gun Center, an FFL located in the County of New Castle, State of Delaware within the United States District of Delaware. These purchases were as follows: on March 1, 2017, WEBSTER purchased a Bursa Thunder-380, .380 caliber pistol, bearing serial number ("s/n") G82808, and on April 18, 2017, WEBSTER purchased a Keltec Industries model P11, 9 millimeter pistol, s/n: 17506.

9. Your Affiant knows that WEBSTER filled out ATF Form 4473s for each of the firearms purchases identified above. For each of the two (2) ATF Form 4473s completed for the over-the-counter sale of those firearms, WEBSTER answered the question referenced above affirmatively, thereby stating that she was the "actual transferee/buyer of the firearm(s)," and certified the statement by her signature

10. Your Affiant knows that on April 19, 2017, a man WEBSTER later identified as her deceased boyfriend ("boyfriend"), a person prohibited from possessing firearms because of prior felony convictions in the state of Delaware, was involved in a shooting with the New Castle County Police Department ("NCCPD") which resulted in her boyfriend's death. Your Affiant also knows that at the time of his involvement with NCCPD referenced above, her boyfriend was found to be in possession of the above referenced Keltec 9 millimeter pistol.

11. Your affiant knows that, on May 10, 2017, NCCPD Sergeant Legenstein conducted an audio and video recorded interview of WEBSTER. Prior to questioning, WEBSTER was informed of her constitutional rights via Miranda warnings, and she waived same at that time. At that time, WEBSTER admitted to purchasing the Keltec 9 millimeter pistol above on behalf of her boyfriend because he told her he needed one for his protection. WEBSTER also stated she believed her boyfriend was not legally able to purchase a firearm for himself because of his criminal history. At that time, your affiant knows that WEBSTER also made many other statements regarding events surrounding her purchases of both of the above firearms. These statements are recorded in other law enforcement reports as well as in the audio and video recording of the interview, the original of which is maintained in NCCPD evidence.

12. Your affiant knows that, prior to the above referenced events on April 19, 2017, the boyfriend was the subject of an investigation by NCCPD for attempted murder. Your affiant also knows that the firearm used in the crime for which the boyfriend was under investigation for attempted murder was a .380 caliber, the same as the Bersa .380 caliber pistol which WEBSTER purchased on March 1, 2017. Additionally, WEBSTER admitted in the above referenced interview on May 10, 2017, that her boyfriend told her that he lost her above referenced BERSA

4

.380 caliber pistol when it fell out of his pants on the same day which the above suspected attempted murder occurred.

## CONCLUSION

13.  Based on the foregoing factual information, I submit that there is probable cause to believe that the Defendant SUMMER WEBSTER has violated the SPECIFIED FEDERAL OFFENSES indicated above.  Therefore, I respectfully request that the Court issue a Criminal Complaint charging those offenses.

Respectfully submitted,

_Sally Koeplin_
Sally A. Koeplin
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Sworn to and subscribed before me on this 10th day of April, 2018

_____
HONORABLE SHERRY R. FALLON
UNITED STATES MAGISTRATE JUDGE

5